**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDALL L. LITTLE, ) <br> Bringing this action on behalf of the ) <br> United States Government, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ENI PETROLEUM CO., INC. and ) <br> AGIP EXPLORATION CO., ) <br> ) <br> Defendants. ) | Case No. CIV-06-120-M |

## ORDER

Before the Court is defendants' Motion to Dismiss, filed December 1, 2006. On January 3, 2007, plaintiff filed his objection. On February 9, 2007, defendants filed their reply, and on April 4, 2007, defendants filed a Notice of Supplemental Authority. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff Randall L. Little, an employee with the Minerals Management Service of the Department of the Interior, brought the instant qui tam action against defendants, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733.[1] Plaintiff alleges that defendants failed to pay royalties due on oil production from three specific leases after the United States government began taking its royalty production "in kind" in October, 2002. Specifically, plaintiff alleges that defendants improperly deducted transportation costs from the royalties they paid to the government.

II.    Discussion

Defendants move this Court to dismiss this action pursuant to Federal Rule of Civil

---

[1] The United States declined to intervene in this action. *See* Docket No. 22.

Procedure 12(b)(2) for lack of personal jurisdiction. Alternatively, defendants move this Court to transfer this case to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).

    A.    <u>Motion to dismiss</u>

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotations and citations omitted). "'When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction.'" *Id.* at 1210 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). The False Claims Act provides for nationwide and worldwide service of process. *See* 31 U.S.C. § 3732(a). Thus, the Court finds that, provided that due process is satisfied, § 3732(a) confers personal jurisdiction over defendants in this case by authorizing service of process on them.

In order to satisfy the due process requirement in a federal question case where jurisdiction is invoked based on nationwide service of process, the Tenth Circuit has held:

> the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant. In other words, the Fifth Amendment protects individual litigants against the burdens of litigation in an unduly inconvenient forum.
>     To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests actually have been infringed. The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent.
>     . . . in evaluating whether the defendant has met his burden of

>establishing constitutionally significant inconvenience, courts should consider the following factors: (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.
>
>>We emphasize that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern. . . .
>
>>If a defendant successfully demonstrates that litigation in the plaintiff's chosen forum is unduly inconvenient, then jurisdiction will comport with due process only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant.

*Peay*, 205 F.3d at 1212-13 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendants have not demonstrated that litigation in the Western District of Oklahoma is unduly inconvenient such that defendants' liberty interests actually have been infringed. The Court further finds that defendants have not satisfied their burden of showing that exercise of jurisdiction in the Western District of Oklahoma will make litigation so gravely difficult and inconvenient that they unfairly are at a severe disadvantage in comparison to plaintiff.

First, although defendants have only minimal contacts with the Western District of Oklahoma,[2] the Court finds that this factor, when considered in light of the remaining factors, is

---

[2] Defendants admit that they have some business relations with companies that operate in the Western District of Oklahoma.

3

insufficient, in itself, to warrant a finding of constitutionally significant inconvenience. The Court would further note that the Tenth Circuit has not held that a lack of contacts with the chosen forum by itself is sufficient to establish that jurisdiction does not comport with Fifth Amendment due process principles.

Second, the Court finds that even though defendants may be inconvenienced by defending this action in the Western District of Oklahoma, they cannot show that this burden rises to the level of constitutional concern. Defendants are in the business of producing petroleum and natural gas products and conduct this business in Texas, Louisiana, and Alaska. Further, defendants clearly have access to counsel, as they have already retained counsel in Oklahoma City to represent them. Finally, the Court finds that the distance between defendants' headquarters in Houston, Texas and the Western District of Oklahoma's courthouse in Oklahoma City is not substantial,[3] and modern methods of communication and transportation greatly reduce the significance of any burden this distance might impose.

Third, nothing in the record indicates that considerations of judicial economy or the probable location of discovery in this case make the Western District of Oklahoma an unfair forum. In fact, based upon defendants' representations, a significant portion of the discovery in this case will take place in Houston. Finally, the Court finds that the nature of defendants' business and the fact that defendants' business activities have a significant impact beyond the borders of Texas[4] supports a finding that the Western District of Oklahoma is a fair forum.

---

[3]In their motion, defendants state the distance from Houston to Oklahoma City is 450 miles.

[4]In their motion, defendants admit that their business activities have a significant impact in Louisiana and Alaska.

Accordingly, because defendants have not met their burden of demonstrating that this Court's assertion of jurisdiction will make litigation so difficult and inconvenient that they unfairly will be at a severe disadvantage compared to plaintiff,[5] the Court finds that it has personal jurisdiction over defendants and that this case should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

B.   Motion to transfer

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[6]

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).

> Among the factors [a district court] should consider is the plaintiff's

---

[5] Because defendants have not shown that this Court's assertion of jurisdiction will infringe upon their liberty interests, the Court need not balance the federal interests at stake in this action.

[6] The parties do not dispute that this action could have been brought in the United States District Court for the Southern District of Texas, Houston Division.

>    choice of forum; the accessibility of witnesses and other sources of
>    proof, including the availability of compulsory process to insure
>    attendance of witnesses; the cost of making the necessary proof;
>    questions as to the enforceability of a judgment if one is obtained;
>    relative advantages and obstacles to a fair trial; difficulties that may
>    arise from congested dockets; the possibility of the existence of
>    questions arising in the area of conflict of laws; the advantage of
>    having a local court determine questions of local law; and, all other
>    considerations of a practical nature that make a trial easy, expeditious
>    and economical.

*Id.*[7]

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)). "However, this factor has reduced value where there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action." *Roc, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 151 (W.D. Okla. 1979). *See also Jacobs*, 526 F. Supp. at 769.

Having carefully reviewed the parties' submissions, the Court finds that defendants have not met their burden of establishing that the Western District of Oklahoma is inconvenient for purposes of transferring this case pursuant to § 1404(a). Although it is clear that Houston, Texas would be a more convenient forum for defendants – defendants' headquarters are located in Houston, and defendants state that all of their evidence and witnesses are located in Houston – it is also clear that Oklahoma would be a more convenient forum for plaintiff – plaintiff lives in Oklahoma; many of

---

[7] In the case at bar, the following factors are not relevant: (1) questions of the enforceability of a judgment if one is obtained; (2) difficulties that may arise from congested dockets; (3) the possibility of the existence of questions arising in the area of conflict of laws, and (4) the advantage of having a local court determine questions of local law. Whether the False Claims Act has been violated is a federal question, and both district courts are equally competent to hear and decide issues of federal law.

plaintiff's witnesses are located in Oklahoma, and plaintiff states that much of his evidence is accessible in Oklahoma. Shifting the inconvenience from one party to another is not a permissible justification for transferring the case. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992). Further, while defendants state that all of their witnesses reside in Houston, defendants do not identify any of them, except for Anthony N. Pool, nor discuss the specific testimony they are expected to provide; without this information the Court cannot determine the materiality of such testimony. Additionally, under the False Claims Act, parties have nationwide power to subpoena all witnesses to testify at trial, regardless of the location of the pending action. *See* 31 U.S.C. § 3731(a). Therefore, all potential witnesses are available for compulsory service of process, regardless of whether the trial proceeds in Oklahoma City or Houston.

Accordingly, the Court finds that this case should not be transferred.

III.    Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 39].

**IT IS SO ORDERED this 3rd day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE