**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDALL L. LITTLE,  )<br>Bringing this Action On Behalf of the  )<br>United States Government,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ENI PETROLEUM CO., INC. and  )<br>AGIP EXPLORATION CO.,  )<br>  )<br>Defendants.  ) | Case No. CIV-06-120-M |

## ORDER

Before the Court is plaintiff's Motion to Strike Defendants' Motion to Dismiss, filed April 6, 2009. On April 24, 2009, defendants filed their response. Based upon the parties' submissions, the Court makes its determination.

On April 1, 2009, defendants filed a Motion for Summary Judgment and a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff asserts that defendants' motion to dismiss is in actuality a motion for summary judgment and that because defendants did not obtain leave to file a second motion for summary judgment, the motion to dismiss should be stricken pursuant to Local Civil Rule 56.1. Defendants contend that they have filed two fundamentally different motions that do not transgress either the language or the purpose of Rule 56.1. Defendants further contend that Rule 56.1 does not, and cannot, restrict the Court's obligation to determine whether it has subject matter jurisdiction.

The United States Court of Appeals for the Tenth Circuit has held that jurisdictional challenges brought under 31 U.S.C. § 3730(e)(4) "arise out of the same statute creating the cause of action (*i.e.*, the False Claims Act) and are thus necessarily intertwined with the merits of the

case." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1159 (10th Cir. 1999). "As such, the court's jurisdictional inquiry should be resolved under Federal Rule of Civil Procedure 12(b)(6) or, after proper conversion into a motion for summary judgment, under Rule 56." *Id.*

In their motion to dismiss, defendants are challenging the Court's subject matter jurisdiction under 31 U.S.C. § 3730(e)(4). Additionally, in support of their motion to dismiss, defendants attach a number of exhibits to their motion. Therefore, in order to rule upon defendants' motion to dismiss, the Court must convert defendants' motion to a motion for summary judgment. As a result, there are technically two motions for summary judgment filed by defendants in this case.

Local Civil Rule 56.1(a) provides: "Absent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56." While it is unclear whether Rule 56.1(a) would apply under the circumstances at issue in the case at bar, the Court finds that even if Rule 56.1(a) does apply, it would be appropriate in these circumstances to grant defendants leave to file a second motion for summary judgment. Specifically, the Court finds that because defendants have raised the issue of whether this Court has subject matter jurisdiction in their motion to dismiss, the Court is obligated to determine whether it does have subject matter jurisdiction prior to ruling on the merits of this case. Consequently, the Court finds that the most efficient way to address the issue of subject matter jurisdiction is not to strike defendants' motion to dismiss but to have the issue fully briefed through the motion to dismiss, plaintiff's response, and any reply defendants may file.

Accordingly, the Court DENIES plaintiff's Motion to Strike Defendants' Motion to Dismiss [docket no. 98].

**IT IS SO ORDERED this 14th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE