**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RANDALL L. LITTLE, | ) | |
| Bringing this action on behalf of the | ) | |
| United States Government, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-120-M |
| | ) | |
| ENI PETROLEUM CO., INC. and | ) | |
| AGIP EXPLORATION CO., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed April 1, 2009. On May 20, 2009, plaintiff filed his response, and on May 29, 2009, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff Relator Randall L. Little ("Little"), an employee with the Minerals Management Service of the Department of the Interior, brought the instant qui tam action against defendants, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733.[1] Little alleges that defendants failed to pay royalties due on oil production from three specific leases after the United States government began taking its royalty production "in kind" in October, 2002. Specifically, Little alleges that defendants improperly deducted transportation costs from the royalties they paid to the government. Defendants now move to dismiss this action for lack of subject matter jurisdiction based upon the jurisdictional bar of the False Claims Act, 31 U.S.C. § 3730(e)(4).

---

[1]The United States declined to intervene in this action. *See* Docket No. 22.

II.     Standard of Review

The United States Court of Appeals for the Tenth Circuit has held that jurisdictional

challenges brought under 31 U.S.C. § 3730(e)(4) "arise out of the same statute creating the cause

of action (*i.e.*, the False Claims Act) and are thus necessarily intertwined with the merits of the

case." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1159 (10th

Cir. 1999).  "As such, the court's jurisdictional inquiry should be resolved under Federal Rule of

Civil Procedure 12(b)(6) or, after proper conversion into a motion for summary judgment, under

Rule 56." *Id.*  Because the Court has relied upon the evidentiary material submitted by the parties,

and as noted in the Court's May 14, 2009 Order, defendants' motion to dismiss has been converted

to a motion for summary judgment and will be reviewed under the standards established for motions

for summary judgment.

III.    Discussion

The provisions of the False Claims Act at issue in this case provide:

> (4)(A) No court shall have jurisdiction over an action under this
> section based upon the public disclosure of allegations or transactions
> in a criminal, civil, or administrative hearing, in a congressional,
> administrative, or Government Accounting Office report, hearing,
> audit, or investigation, or from the news media, unless the action is
> brought by the Attorney General or the person bringing the action is
> an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an
> individual who has direct and independent knowledge of the
> information on which the allegations are based and has voluntarily
> provided the information to the Government before filing an action
> under this section which is based on the information.

31 U.S.C. § 3730(e)(4).

> At the summary judgment stage, application of this statutory
> language involves a four-part inquiry:  (1) whether the alleged

> "public disclosure" contains allegations or transactions from one of
> the listed sources; (2) whether the alleged disclosure has been made
> "public" within the meaning of the False Claims Act; (3) whether the
> relator's complaint is "based upon" this public disclosure; and, if so,
> (4) whether the relator qualifies as an "original source." A court
> should address the first three public disclosure issues first.
> Consideration of the fourth, "original source" issue is necessary only
> if the court answers the first three questions in the affirmative.

*Hafter*, 190 F.3d at 1161 (internal citations omitted).

The phrase "based upon" in section 3730(e)(4)(A) means "supported by." *United States ex rel. Fine v. MK-Ferguson Co.*, 99 F.3d 1538, 1545 (10th Cir. 1996). Further,

> [t]he test is whether "substantial identity" exists between the publicly
> disclosed allegations and the *qui tam* complaint. The False Claims
> Act can thus bar a *qui tam* action that is only partly based upon
> publicly disclosed allegations or transactions. Moreover, this "based
> upon" analysis is a threshold inquiry "intended as a quick trigger" to
> reach the "original source" analysis.

*Id.* (internal citations omitted).

Having carefully and thoroughly reviewed the parties' submissions, the Court finds that Little's Complaint is not "based upon" the alleged public disclosures.[2] Defendants have submitted a number of public disclosures from congressional hearings, Government Accounting Office reports and other administrative reports, news media articles, and other civil litigation. None of these disclosures, however, involve oil companies improperly deducting transportation costs from the royalties due on oil production they paid to the government. Many of the disclosures do not even involve royalties on oil production but involve royalties on gas production. Further, many of the disclosures relate to proposed legislation involving the royalty in kind program; while these

---

[2]It is undisputed that the alleged public disclosures contain allegations and transactions from one of the listed sources and that the alleged disclosures have been made public within the meaning of the False Claims Act.

disclosures mention possible concerns regarding transportation costs, those concerns are not that oil companies will improperly deduct transportation costs from the royalties due when no costs are allegedly allowed to be deducted, the issue involved in the case at bar.  The Court simply finds that there is no substantial identity between any of the publicly disclosed allegations and transactions and the allegations and transactions at issue in the case at bar.

IV.    Conclusion

The Court, therefore, finds that the public disclosure bar set forth in 31 U.S.C. § 3730(e)(4) is not applicable to the case at bar.  Accordingly, the Court DENIES defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket no. 96].

**IT IS SO ORDERED this 23rd day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE